# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀ID No.⠀⠀⠀2105014269
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DAVID MITCHELL,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant.⠀⠀⠀⠀)

## ORDER

On this 10th day of April, 2024, upon consideration of Defendant David Mitchell's ("Defendant") Motion for Sentence Modification made pursuant to Superior Court Rule of Criminal Procedure 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.⠀On July 25, 2022, Defendant pled guilty to Drug Possession (Class E Felony).[2]⠀On the same day, the Court sentenced him to five years of Level V supervision, suspended immediately for eighteen months of Level III supervision.[3]

2.⠀On December 1, 2023, the Delaware Department of Correction ("DOC") stated that Defendant had violated probation by testing positive for nonprescribed controlled substances on November 13, 2023.[4]⠀On December 5, 2023, the Court found that Defendant had violated the terms of his probation, based on the December

---

[1] D.I. 33.⠀Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to modify the conditions of his probation.
[2] D.I. 21.
[3] D.I. 23.
[4] D.I. 30.

1, 2023 violation report, and sentenced him to four years, nine months, and twenty-eight days of Level V supervision, suspended for six months of Level III supervision.[5]

3. On January 11, 2024, Defendant filed the instant Motion, in which he asks the Court to modify the remaining portion of his sentence to Level II supervision. In support, Defendant argues that his positive drug test result from November 13, 2023, was a false positive due to interference from cold medication he had taken. He adds that, during his probationary period, he has not missed a scheduled visit with his probation officer or violated his curfew.[6]

4. Rule 35(b) authorizes this Court to "reduce the fine or term or conditions of partial confinement or probation, at any time." A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[7]

5. On December 1, 2023, the DOC stated that Defendant appeared to be continuing to abuse nonprescribed controlled substances. When Defendant maintained that he had not used those substances, despite the positive drug test result, the DOC sent his urine to a toxicology laboratory for further testing.

---

[5] D.I. 32.
[6] D.I. 33.
[7] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

Subsequently, the laboratory confirmed to the DOC that the drug test result was positive.[8]

6. The record does not provide support for Defendant's assertion that his positive drug test result from November 13, 2023, was a false positive. Further, Defendant has not provided any other information that would warrant a modification of the terms of his probation. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[8] D.I. 30.

3